F I L E D
 Clerk
 District Court

APR 23 2020

for the Northern Mariana Islands
By_____
          (Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>    Defendant. | Case No.: 19-cv-00016<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.     INTRODUCTION

This civil action involves a dispute between a general contractor, Plaintiff Pacific Rim Land Development, LLC ("Pacific Rim"), and the company who hired it to work on a casino construction project, Defendant Imperial Pacific International (CNMI), LLC ("IPI"). Pacific Rim initiated this lawsuit with a complaint against IPI for breach of contract, both of the construction contract between the two parties and a promissory note executed by IPI in favor of Pacific Rim after they agreed to terminate the contract. (*See* Second Amended Complaint, ECF No. 42.) On January 13, 2020, IPI filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (ECF No. 66.) Pacific Rim countered

with a motion for partial summary judgment on February 28, 2020 (ECF No. 85). Both matters were fully briefed and came on for a hearing on April 2, 2020, at which time the Court DENIED IPI's motion to dismiss and GRANTED Pacific Rim's motion for partial summary judgment. Having ruled on the motions at the hearing, the Court now issues this written order memorializing its reasoning.

## II.   DEFENDANT'S MOTION TO DISMISS

IPI moved to dismiss Pacific Rim's second amended complaint for failure to state a claim, namely that Pacific Rim failed to comply with a contractual condition precedent requiring mediation prior to the filing of a lawsuit. (Motion to Dismiss at 1, ECF No. 66.) Alternatively, IPI moved for summary judgment on the same grounds. (*Id.* at 7.) Pacific Rim argued the complaint's general allegation that it satisfied all contractual prerequisites to bringing suit satisfied the pleading standard. (Opposition to Motion to Dismiss at 2, ECF No. 81.) Moreover, it argued that there is no condition precedent requiring mediation prior to the filing of a lawsuit, and even if there were, mediation would have been futile. (*Id.*)

   a. Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must take all factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The factual allegations need not be detailed, but a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678. Generally, when ruling on a 12(b)(6) motion, a court may consider only the pleadings and limited materials, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If a court considers other evidence, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Id.* at 907.

The Federal Rules of Civil Procedure provide the following special standard for pleading conditions precedent: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Courts in the Ninth Circuit have interpreted this to be a lax standard, satisfied by general allegations that need not directly address the condition precedent. *See Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1124 (9th Cir. 1998) (allegation that policy was in full force and effect was sufficient to allege that the condition precedent was satisfied); *see also Sam Rubin Entm't, Inc. v. AARP, Inc.*, No. CV 16-6431-RSWL-SSX, 2016 WL 7336554, at *7–8 (C.D. Cal. Dec. 15, 2016); *Ruiz Food Prods., Inc. v. Catlin Underwriting U.S., Inc.*, No. 1:11-cv-00889 OWW, 2011 WL 3323046, at *4 (E.D. Cal. Aug. 2, 2011) (allegation of full performance of all obligations covers condition precedent in insurance policy). Notwithstanding this relaxed standard, there are some circumstances under which general allegations will not suffice. For example, if a plaintiff admits that a condition was not met and asserts an excuse for that failure, it must plead that excuse with particularity. *Waltz Sheridan Crawford, Inc. v. Calhoun*,

No. 3:18-cv-01877-SB, 2019 WL 3992272, at *3 (D. Or. Aug. 23, 2019) ("Rule 9(c) does not permit a party to plead an excuse by alleging generally that all conditions precedent have been satisfied.").

"The consensus among district courts is that failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal under Rule 12(b)(6)." *Franke v. Yates*, No. 19-cv-00007-DKW-RT, 2019 WL 4856002, at *5 (D. Haw. Oct. 1, 2019) (internal quotation marks omitted) (collecting cases). Alternatively, a court may opt to stay the case to allow for mediation. *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate."); *see also Kee Action Sports, LLC v. Shyang Huei Indus. Co.*, No. 3:14-CV-00071-HZ, 2014 WL 2506496, at *4 (D. Or. June 2, 2014) (denying a motion to dismiss for failure to mediate but finding "that in the interest of judicial economy and efficiency, the case should be stayed pending the parties' conclusion of mediation").

    b. Discussion

As an initial matter, the Court must determine whether the construction contract includes a condition precedent requiring the parties to mediate before filing a lawsuit. Whether a contract contains a condition precedent is purely a question of contract interpretation. *Franke*, 2019 WL 4856002, at *5. Federal courts apply state law to questions of contract interpretation. *In re Cty. of Orange*, 784 F.3d 520, 530 (9th Cir. 2015) ("rules of contract interpretation and construction are plainly substantive under *Erie* [*R. Co. v. Thompkins*, 304 U.S. 64 (1938)]"). "Under Commonwealth law, the interpretation of a contract relates to the ascertainment of its meaning, and the intent of the

contracting parties is generally presumed to be encompassed by the plain language of the contract terms." *Commonwealth Ports Auth. v. Tinian Shipping Co. Inc.*, 2007 MP 22 ¶ 15 (cleaned up). "[T]he language in a contract is to be given its plain grammatical meaning unless doing so would defeat the parties' intent." *Id.* at ¶ 17. In interpreting a contract, a court should look within the four corners of the document only. *Id.* Only if the terms of the contract are ambiguous should a court look to extrinsic evidence to determine the parties' intent. *Riley v. PSS*, 4 N. Mar. I. 85, 1994 WL 111129, at *2–3 (1994). "Although conditions are not favored in the law, [Commonwealth courts] may construe a contract term as a condition if the parties unambiguously require such construction." *Manglona v. Baza*, 2012 MP 4 ¶ 28. In *Franke*, the District Court of Hawaii considered two factors to determine if mediation is a condition precedent: (1) did the agreement address the filing of a lawsuit, and (2) did it state that mediation must take place first. *Franke*, 2019 WL 4856002 at *5.

The relevant provisions in the contract involved here provide as follows:

> 20.1 *Any controversy or claim arising out of or relating to this Agreement or the breach hereof, shall be subject to good faith negotiation and/or mediation as a condition precedent to binding dispute resolution.* IPJ and Pacific Rim will attempt in good faith to promptly resolve any controversy or claim arising out of or relating to this Agreement or the breach thereof by negotiations between representatives of each party who have authority to settle the controversy. The disputing party shall give the other party written notice of the dispute, which notice shall include a general description of the dispute, and the name and title of the individual who will represent that party. The representatives shall meet at a mutually acceptable time and place within seven (7) business days after the date of the disputing party's notice and thereafter as often as they reasonably deem necessary to exchange relevant information and to attempt to resolve the dispute.
>
> 20.2 If good faith negotiations are not successful, the parties shall endeavor to resolve their disputes by mediation.

(Contract, ECF No. 5-1 at 22) (emphasis added). IPI asserts that this is clear, unambiguous language that requires the parties to mediate prior to filing a lawsuit. (Motion to Dismiss at 2.) Pacific Rim argues that the use of "and/or" in Article 20.1 and "shall endeavor" in Article 20.2 makes the contract ambiguous. (Opposition to Motion to Dismiss at 9–10.) Under Pacific Rim's interpretation, "and/or" means that either "negotiation and mediation" or "negotiation or mediation." Therefore, both are not required. The Court agrees with Pacific Rim's conclusion, not because the contract language is ambiguous, but rather for the opposite reason. Article 20 of the contract clearly contemplates good faith negotiations as the first step then mediation as the second step if those negotiations are unsuccessful. If negotiations are fruitful, mediation is not required (hence, the "or"); if they are not, mediation is mandatory (hence, the "and"). Moreover, the contract explicitly states negotiation and/or mediation are a *condition precedent* to binding dispute resolution. This language demonstrates the parties' intent to require good faith negotiations, and because subsection 20.1 requires a failed negotiation to be followed by mediation, either or both are required prior to entering into binding dispute resolution. Litigation is one method of binding dispute resolution; another is binding arbitration. *Del Rey Fuel, LLC v. Bellingham Marine Indus., Inc.*, No. CV1201008MMM(MANx), 2012 WL 12941956, at *8 (C.D. Cal. Apr. 10, 2012); *see also Kane Builders S & D, Inc. v. Maryland CVS Pharmacy*, LLC, No. CIV.A. DKC 12-3775, 2013 WL 2948381, at *2  n.3 (D. Md. June 13, 2013) ("Litigation is unquestionably a form of binding dispute resolution").

Having determined that the construction contract does contain conditions precedent to filing a lawsuit, the Court then turns to the question of whether Pacific Rim complied with those requirements. Here, the underlying dispute is IPI's failure to pay Pacific Rim under the construction contract for

work performed by Pacific Rim. (SAC at ¶ 34.) Pacific Rim satisfied Article 20.1 when it successfully negotiated the promissory note and notice of mutual termination to resolve the dispute over nonpayment. Because the good faith negotiations were successful, there was no reason for the parties to mediate. Under IPI's interpretation, it could continue to invoke Article 20 after negotiating a resolution to a dispute, requiring Pacific Rim to either return to the negotiation table or to move on to mediation. However, such a reading is contrary to the plain language of the contract, which does not require both negotiation and meditation as a condition precedent to filing a lawsuit. Moreover, IPI's interpretation would allow it to repeatedly impose additional obstacles on Pacific Rim's ability to file suit by refusing to comply with the terms of a settlement it agreed to in good faith.

For these reasons, the Court finds that although there is an unambiguous condition precedent in Article 20 of the construction contract, Pacific Rim satisfied that condition by engaging in good faith negotiations that resulted in a mutually agreed upon resolution – termination of the contract and a promissory note. Therefore, IPI's motion to dismiss for failure to mediate prior to filing this lawsuit is DENIED. IPI's alternate motion for summary judgment, based on the same argument that Pacific Rim did not satisfy Article 20's condition precedent, fails for the same reason.

### III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pacific Rim filed a motion for partial summary judgment on the second cause of action in its second amended complaint – breach of contract of the September 2018 promissory note. (Motion for Summary Judgment, ECF No. 85.) IPI asserts that the motion, brought before discovery has begun, is premature and should be denied without prejudice. (Opposition to Motion for Summary Judgment at 1, ECF No. 88.)

7

### a. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must identify each claim or defense (or part thereof) on which summary judgment is sought. *Id.* "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The initial burden lies with the party moving for summary judgment to identify particular materials in the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmovant to go beyond the pleadings and establish a genuine issue for trial. *Id.* at 324. The nonmovant "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [nonmovant]'s favor, could convince a reasonable jury to find for the [nonmovant]." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A court can only rely on admissible evidence in deciding a motion for summary judgment. *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). However, the evidence need not be submitted in a form that would be admissible at trial, so long as the content is admissible. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f)[1] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (collecting cases); *see also Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) ("the fact that discovery is not complete—indeed has not begun—need not defeat a motion for summary judgment.") (internal quotation marks omitted). In response to a motion for summary judgment, a nonmovant may argue that the motion is premature because not all facts are available yet. A court may defer or deny summary judgment to allow additional time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The "party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222 (2019) (cleaned up). "[F]or purposes of a Rule 56(d) request, the evidence sought must be more than the object of pure speculation." *Id.* (internal quotation marks omitted). The nonmovant must demonstrate that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary

---

[1] "Federal Rule of Civil Procedure 56(d) was, until December 1, 2010, codified as Federal Rule of Civil Procedure 56(f)." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 n.8 (9th Cir. 2018).

judgment." *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

  b. <u>Discussion</u>

  Pacific Rim moved for summary judgment on its breach of promissory note claim, asserting that there is no genuine material dispute that IPI (1) executed the note, and (2) failed to make the required payments under the note. (Memorandum in Support of Motion for Summary Judgment at 1–2, ECF No. 86, hereinafter "Memo.") In support of this motion, Pacific Rim filed a declaration from Keith Stewart, its manager/owner, as well as a copy of the promissory note and a record of the payments received from IPI on the note. (*See generally* ECF No. 87.) It argues that (1) the note is a valid contract, and there is no evidence of fraud, forgery, duress or any other defense; (2) IPI breached by failing to make payments as required by the note; and (3) IPI currently owes $5,650,000. "Breach of a contract occurs upon the nonperformance of a contractual duty of immediate performance." *Manglona*, 2012 MP at ¶ 13 (internal quotation marks omitted). "To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) the breach of an obligation imposed under the contract; and (3) damage to the plaintiff resulting from the breach." *Ada v. Nakamoto*, Civil Action No. 08-0029 D (N. Mar. I. Super. Ct. Sept. 2, 2011) (citing Restatement (Second) of Contracts §§ 235, 237, 240.)

  IPI counters that the motion is premature because it intends to raise the defense of fraud in the inducement to invalidate the promissory note. "In particular, IPI believes that Pacific Rim, in order to induce IPI to execute the promissory note in the agreed amount, misrepresented to IPI that work had been done on the project in a particular amount, by skilled and qualified workers, when in fact both

the qualifications and competence of the workers and the hours that they supposedly worked were substantially inflated by Pacific Rim." (Opposition to Motion for Summary Judgment at 3, ECF No. 88.) IPI invokes Rule 56(d) and asks the Court to deny Pacific Rim's motion for summary judgment without prejudice to allow time for discovery. In support of its opposition, IPI filed a declaration from Joey San Nicolas, IPI's new general counsel. (ECF No. 88-1).

IPI has not met its burden under Rule 56(d). Applying the Ninth Circuit's three-prong test, IPI did not submit an affidavit attesting to (1) the specific facts it hopes to elicit; (2) that these facts exist, and (3) that they are essential to oppose the summary judgment motion. In its opposition brief, IPI's counsel points to the specific facts and explains why these facts are essential to opposing the motion for summary judgment by allowing it to raise the fraud in the inducement defense. However, neither IPI's counsel in this matter nor San Nicolas attest that the facts sought actually exist. San Nicolas' declaration is perfunctory and simply states that the time, pay and qualification records are under Pacific Rim's control. His declaration does not satisfy Rule 56(d) as it does not state what the specific facts he hopes discovery will reveal, not to mention his belief that these facts exist. Additionally, at oral argument, IPI's counsel could not identify any individual who could provide an affidavit attesting to the existence of facts that would support a fraud in the inducement defense, despite the fact that Pacific Rim identified three IPI managers and three IPI attorneys who participated in the negotiation and drafting of the promissory note, as well as an independent auditor company that reviewed Pacific Rim's invoices for IPI. (Stewart Decl. at ¶¶ 5, 16, 17, ECF No. 87.) Instead, IPI's counsel admitted that discovery might reveal evidence of fraud in the inducement, but also could turn up nothing. A party requesting discovery under Rule 56(d) cannot be expected to predict exactly what evidence

11

discovery will uncover, but also cannot rely on speculation to delay summary judgment. *Stevens*, 899 F.3d at 678. "[F]ailure to comply with the requirements of Rule 56(f) [now Rule 56(d)] is a proper ground for denying discovery and proceeding to summary judgment." *Cal. ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (internal quotation marks omitted).

Therefore, the Court turns to the merits of Pacific Rim's motion for partial summary judgment. Pacific Rim submitted evidence that the promissory note exists in the form of the note itself and a sworn declaration from Keith Stewart attesting to facts regarding the negotiation and execution of the note. (Exhibit A "Promissory Note" and Stewart Decl. ¶¶ 13–18, ECF No. 87.) The Court notes that the promissory note submitted by Pacific Rim is the same document that IPI filed with its opposition to the lien application. (ECF No. 49-8.) Additionally, IPI admitted that it executed the promissory note in its answer to the first iteration of the complaint in this matter.[2] (*See* Answer ¶ 1, ECF No. 3) (admitting to Complaint ¶ 28, ECF No. 1, "On or about September 21, 2018, Defendant executed a promissory note . . . in favor of Plaintiff for the payment of $11,300,000"). As to the breach of the note and damages, Mr. Stewart attests that IPI failed to make payments under the note and only paid $5,650,000 of the total $11,300,00 due. (Stewart Decl. ¶¶ 21–24, ECF No. 87.) The promissory note required full repayment by June 15, 2019. (ECF No. 87 at 5.) Pacific Rim also provided a spreadsheet

---

[2] "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (internal quotation marks omitted).

of payments received from IPI on the note.[3] (Exhibit B, ECF No. 87.) In response, IPI offered no evidence or affidavits to rebut any of the evidence presented by Pacific Rim. IPI has thus failed to meet its burden to establish a genuine issue of material fact. Therefore, the Court found that Pacific Rim is entitled to summary judgment on its claim for breach of the promissory note.

## IV.     CONCLUSION

For the foregoing reasons, Defendant IPI's motion to dismiss the second amended complaint is DENIED, and Plaintiff Pacific Rim's motion for partial summary judgment as to the second cause of action, breach of contract on the promissory note, is GRANTED.  Judgment is entered in favor of Pacific Rim on this claim in the principal amount of $5,650,000. Pursuant to Rule 54(b), the Court expressly finds that there is no just reason for delay of the entry of judgment on this claim.

The promissory note provides that the Holder, Pacific Rim, is entitled to reasonable attorneys' fees and costs for filing the lawsuit, as well as prejudgment interest. (ECF No. 87 at 6-7.) The Court grants Pacific Rim attorneys' fees and costs associated with this claim, as well as prejudgment interest, and has ordered Pacific Rim to submit a proposal regarding interest calculation and attorneys' fees by April 16, 2020.

---

[3] The admissibility of Exhibit B is questionable, as Pacific Rim presented it without an explanation of when, how or by whom this document was prepared. Nevertheless, the Court notes that Pacific Rim does not rely solely on this document as evidence of a breach of the promissory note. Further, IPI admitted that it only paid $5,650,000 on the note, which is consistent with Pacific Rim's calculations. (*See* Answer ¶ 1, ECF No. 3) (admitting to Complaint ¶ 33, ECF No. 1, "Defendant paid Plaintiff a total of Five Million Six Hundred and Fifty Thousand toward the Principal.")

The Clerk is directed to enter judgment in favor of Pacific Rim in the amount of $5,650,000 plus attorneys' fees, costs and interest to be determined.

IT IS SO ORDERED this 23rd day of April, 2020.

RAMONA V. MANGLONA
Chief Judge