**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Pacific Rim Land Development, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>             Defendant. | Case No. 1:19-cv-00016<br><br>**APPLICATION FOR WRIT OF EXECUTION FOR IMPERIAL PACIFIC INTERNTATIONAL (CNMI), LLC'S VEHICLES OR FOR ORDER IN AID OF JUDGMENT**<br><br>Time:<br>Date:<br>Judge: Ramona V. Manglona |

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Plaintiff Pacific Rim Land Development, LLC ("Pacific Rim") applies for a writ of execution in the form attached as <u>Exhibit 1</u> to be directed to Imperial Pacific International (CNMI), LLC, to enforce this Court's judgment in this cause against judgment debtor Imperial Pacific International (CNMI), LLC ("IPI"). Alternatively, Pacific Rim seeks an order in aid of judgment directing the sale of the vehilces owned by IPI.

1.     The Court entered judgment in this cause on April 27, 2020, in the amount of Five Million Six Hundred Fifty Thousand Dollars, against defendant Imperial Pacific International (CNMI), LLC ("IPI"). [ECF 106.]

2. The Court then amended the judgment in favor of Pacific Rim on May 28, 2020, in the amount of Six Million Nine Hundred Nine Thousand Three Hundred Thirty-Three and 43/100 against IPI [ECF 133] and granted Pacific Rim's application for writ of execution [ECF 142] for the same amount.

3. IPI has not posted a supersedeas bond and has not obtained an order staying execution on the judgment.[1]

4. The automatic stay operated only for thirty days from the date of the judgment. *See* Fed. R. Civ. P. 62(a). The automatic stay expired on May 27, 2020. Accordingly, Pacific Rim requests that the Writs of Execution take affect and be served by the U.S. Marshal tomorrow, July 28, 2020.

5. On July 15, 2020, the Court issued an order granting Pacific Rim's Motion to release the funds [ECF 171] and released $1,383,869.45 to Pacific Rim.

6. The judgment remains unsatisfied in the amount of $5,525,463.98 plus interest, costs, and fees that have yet to be addressed.

7. Rule 69(a)(1) of the Federal Rules of Civil Procedure provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise."

8. Under Federal Rule of Civil Procedure 69(a), execution of a money judgment rendered by a federal district court is to be made in accordance with the practice and procedure of the State in which the district court sits. Pursuant to CNMI law, "[t]he process to enforce a judgment for the payment of money may be a writ of execution or an order in aid of judgment". 7 CMC § 4101.

---

[1] The Court denied IPI's Motion to Stay Execution of Judgment Pending Appeal [ECF 141].

9. The Commonwealth Code, 7 CMC § 4203, provides that: "[t]he court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the **personal property** of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210." (Emphasis supplied).

10. "Commonwealth statute and court rules are silent as to the particular procedure to follow when enforcing a judgment through writ of execution." *J.C. Tenorio Ent., Inc. v. Lalaine J. Baltazar*, Civ. No. 96-1082 (NMI Super. Ct. Aug. 8, 2014) (Order Denying Motion Re: Enforcement of Money Judgment at 2).

11. "To comply with 7 CMC § 4204, the writ must include an accounting of the amount of money necessary to satisfy the judgment and applicable costs and fees and instructions for the levying officer. And, to comply with 7 CMC § 4210, the writ must be served on the judgment debtor, even in the case of default, and include notice of the exemptions and notice of an upcoming hearing on the exemptions." *J.C. Tenorio Ent., Inc. v. Lalaine J. Baltazar*, Civ. No. 96-1082 (NMI Super. Ct. Aug. 8, 2014) (Order Denying Motion Re: Enforcement of Money Judgment at 3 n.1).

12. IPI owns and controls vehicles described as Exhibit A in the Declaration of Colin M. Thompson filed concurrently with this Application.

13. Pacific Rim requests the Court to issue a writ of execution to have the vehicles sold in an auction in order to pay Pacific Rim and satisfy the Judgment.

14. Pacific Rim also requests that the Court order IPI to maintain the all the vehicles registrations, insurance, and maintenance for all vehicles and the vehicles are sold.

15.     IPI shall store the vehicles either in the underground parking lot of the Imperial Pacific Resort & Casino or at the IPI housing located in Chinatown and shall not damage or cause the vehicles to be damaged.

16.     Pacific Rim has included a writ of execution notice attached as Exhibit 2 to serve upon IPI notifying IPI of its rights for a hearing on exemptions prior to any judicial sale.

WHEREFORE, Pacific Rim Land Development, LLC applies for a writ of execution directed at judgment debtor Imperial Pacific International (CNMI), LLC, in the amount of Five Million Five Hundred Twenty-Five Thousand Four Hundred Sixty-Three dollars and 98 cents, to be served upon IPI. Pacific Rim requests the Court set a hearing on the return of the writ and to provide IPI with the opportunity to advance any applicable exemptions.

Respectfully submitted on August 24, 2020.

/s/ Colin. M. Thompson
**THOMPSON LAW, LLC**
Colin M. Thompson
*Attorney for Pacific Rim Land Development, LLC*

# EXHIBIT 1

**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Pacific Rim Land Development, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>              Defendant. | Case No. 1:19-cv-00016 |

## WRIT OF EXECUTION

TO THE UNITED STATES MARSHAL FOR THE NORTHERN MARIANA ISLANDS and IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC:

An amended judgment having been entered in the above cause on May 28, 2020, in the sum of $6,909,333.43 plus post judgment interest (ECF No. 133), in favor of plaintiff, Pacific Rim Land Development, LLC, and against the defendant, Imperial Pacific International (CNMI), LLC. Said sum having not been paid, you are commanded to seize from the garnishee, IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, all vehicles identified in Exhibit A of the Declaration of Colin M. Thompson filed in support of the Application of Writ; and make return

of this writ, and the execution thereof, according to law in an amount not exceeding $5,525,463.98 and are commanded to deposit all monies seized from IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC into the Court's registry where said proceeds shall remain until after Imperial Pacific International (CNMI), LLC has had an opportunity for an exemptions hearing. The Marshal is not required to levy upon all the property at the same time and may make successive levies under the same Writ.

Plaintiff shall pay to the United States Marshal in advance the costs of such seizure, removal, storage and related costs, with such amounts to be recouped by the Plaintiff from the proceeds of a future sale.

If requested by the United States Marshal's Service, a representative from the Plaintiff shall be present to assist in the identification of property subject to seizure.

IN WITNESS WHEREOF, I, Heather Kennedy, Clerk of said Court, have set my hand this the _____ day of August, 2020.

                                      HEATHER KENNEDY, Clerk
                                      United States District Court
                                      For the Northern Mariana Islands


                                      BY: _____
                                            Clerk of Court

# EXHIBIT 2

**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Pacific Rim Land Development, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **PACIFIC RIM LAND DEVELOPMENT, LLC,**<br><br>　　　　　　**Plaintiff,**<br>　vs.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>　　　　　　**Defendant.** | Case No. 1:19-cv-00016<br><br>**NOTICE OF WRIT OF EXECUTION** |

**TO: IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC**

　　　A Writ of Execution was issued against you. It was issued because there is an outstanding judgment against you [ECF 133]. It may cause your property to be held or taken to pay the judgment. You may have legal rights to prevent your property from being taken. A lawyer can advise you more specifically of these rights. If you wish to exercise your rights, you must act promptly.

　　　Exempt Property. The law provides that certain property cannot be taken. Such property is said to be exempt. There may be exemptions that may be applicable to you. You may have other rights.

If you have an exemption, you should demand a prompt hearing from the Court. You should come to court ready to explain your exemption. If you do not come to court and prove your exemption, you may lose some of your property.

Property Belonging to Another Person. If there is property in your bank account that belongs to another person or that you own with another person, you should notify that person so that he/she can file a property claim or other legal papers with the Court to prevent his/her property from being taken or sold at a United States Marshal's sale to satisfy your debt.

IN WITNESS WHEREOF, I, Heather Kennedy, Clerk of said Court, have set my hand this the ____ day of August, 2020.

                              HEATHER KENNEDY, Clerk
                              United States District Court
                              For the Northern Mariana Islands


                              BY: _____
                                    Clerk of Court