F I L E D
Clerk
District Court
AUG 25 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>　　　　Defendant. | Case No.: 19-cv-00016<br><br>**ORDER AWARDING ATTORNEYS' FEES FOR MOTION TO COMPEL** |

## I. BACKGROUND

On July 22, 2020, Plaintiff Pacific Rim Land Development LLC ("Pacific Rim") filed a motion to compel Defendant Imperial Pacific International (CNMI), LLC ("IPI") to produce a witness prepared to testify pursuant to Federal Rule of Civil Procedure 30(b)(6). (Mot. to Compel, ECF No. 172.) Pacific Rim noticed a deposition directed to IPI, an organization, informing it of the matters for examination. (Notice of Deposition, ECF No. 163.) On July 18, 2020, Frances Mafnas, IPI's Director of Finance, appeared at the scheduled deposition. (Thompson Decl. ¶ 3, ECF No. 174.) However, Pacific Rim asserted that Mafnas was not prepared to address the matters in the deposition notice. (*Id.* ¶ 5.) Nevertheless, Pacific Rim proceeded with the deposition and Mafnas testified for more than two hours. (*Id.*) Pacific Rim filed its Motion to Compel, along with a motion to shorten time. The Court granted the motion to shorten time and heard the motion to compel on July 23, 2020.

Having considered the arguments of counsel, the Court granted Pacific Rim's Motion to Compel and ordered IPI to identify a person or persons with sufficient information to testify at the

deposition. (Minutes, ECF No. 178.) The Court awarded attorneys' fees and costs on the motion to compel and set a short briefing schedule as to the amount. (*Id.*) Pacific Rim timely filed its documents. (ECF No. 185.) IPI did not file a response.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Once the Court has determined that attorneys' fees and costs should be awarded, it must determine the reasonableness of the proposed amounts in a two-step process. First, "[d]istrict courts must calculate awards for attorneys' fees using the 'lodestar' method" which requires multiplying the hours "reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In order to determine if the rate is reasonable, the court must identify the prevailing hourly rate for the relevant community. *Id.* at 979. The appropriate market rate for the attorney is based on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* (internal quotation omitted). In most cases, "the relevant community is the forum in which the district court sits." *Id.* The burden is on the party requesting the fees to provide satisfactory evidence of the prevailing market rate. *Id.* at 980 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

To determine the reasonableness of the number of hours worked, the court cannot simply accept the hours presented by the attorney requesting fees, but instead must require that party prove that it exercised billing judgment for the hours billed. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The lodestar amount is presumptively reasonable, but the court can adjust it upwards or downwards based on other considerations. *Van Gerwen*, 214 F.3d at 1046. Only in rare cases should the rate be adjusted. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996).

### III. DISCUSSION

Plaintiffs request fees for hours expended by their two attorneys, Colin Thompson and Michael Wilt, as well as an unidentified individual with the initials JSN. The Court will address each in turn.

    a. <u>Colin Thompson</u>

Colin Thompson has been a practicing attorney in the CNMI since 1997. (Thompson Decl. ¶ 5, ECF No. 185.) The relevant community to determine his rate is the forum in which the district court sits. Therefore, the Court must determine the prevailing hourly rate for similar work by comparable attorneys in Saipan. Pacific Rim is asking for a rate of $250 per hour, based on Thompson's experience

and his current billing rate. (*Id.* ¶ 7.) Particularly relevant here, given the small size of the legal community, a district court may rely on its own knowledge and experience regarding hourly rates. *Sam K. ex rel Diane C.*, 788 F.3d at 1041. The Court finds that an hourly rate of $250 is appropriate for an attorney of the same skill, reputation and experience in the CNMI.

Thompson billed 10.1 hours in relation to this motion. (Exhibit A, ECF No. 185 at 4–5.) IPI has not challenged the reasonableness or accuracy of the hours. The Court does not find these hours to be excessive, redundant or otherwise unnecessary. At an hourly rate of $250, 10.1 hours results in a fee of $2,525.

      b. <u>Michael Wilt</u>

Michael Wilt is a practicing attorney with ten years' experience in and outside the CNMI. (Thompson Decl. ¶¶ 10–11, ECF No. 185.) The Court will determine his hourly rate based on the CNMI legal community standards. The proposed hourly rate of $200 is appropriate for an attorney with ten years' experience. Wilt expended 7.5 hours researching and drafting the motion to compel. (Exhibit A, ECF No. 185 at 4–5.) IPI has not challenged the reasonableness or accuracy of these hours and the Court finds them to be reasonable. At an hourly rate of $200, 7.5 hours results in a fee of $1,500.

      c. <u>JSN</u>

Pacific Rim's attorneys' fees request includes 8.5 hours expended by "JSN." (Exhibit A, ECF No. 185 at 4–5.) The Court is fairly confident that JSN is Attorney Thompson's legal assistant, Jodi San Nicholas, who was present at the Motion to Compel hearing. (*See* Minutes, ECF No. 178.) However, Pacific Rim did not identify San Nicholas in its request for attorneys' fees, offer any

4

information regarding her experience or skills, or provide any evidence regarding the prevailing rate for legal assistants in the CNMI. Additionally, clerical tasks are subsumed in firm overhead and should not be included in fee awards. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). For these reasons, the Court declines to award any fees for the hours expended by JSN.

## IV.  CONCLUSION

Based on the foregoing, the Court ORDERS IPI to pay to Pacific Rim's attorneys' fees incurred in bringing its Motion to Compel in the amount of **$4,025**. IPI must comply within thirty (30 days) of the issuance of this order.

IT IS SO ORDERED this 25th day of August, 2020.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge