**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Pacific Rim Land Development, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **PACIFIC RIM LAND DEVELOPMENT, LLC,**<br><br>                          **Plaintiff,**<br><br>        vs.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>                         **Defendant.** | Case No. 1:19-cv-00016<br><br>**MOTION FOR TURNOVER, ASSIGNMENT, AND JUDICIAL SALE OF CERTAIN OF JUDGMENT DEBTOR'S CASINO GAMING MACHINES**<br><br>Date: October 22, 2020<br>Time: 9:00 am<br>Judge: Ramona V. Manglona |

**COMES NOW**, plaintiff Pacific Rim Land Development, LLC ("Pacific Rim"), judgment creditor herein, by and through its attorney of record Colin M. Thompson, pursuant to Rule 69 of the Federal Rules of Civil Procedure ("Rule(s)") and 7 CMC §§ 4104, 4204, hereby move this Court for orders based on the Motion (the "Motion") For Turnover, Assignment, and Judicial Sale of Certain Casino Gaming Machines of Imperial Pacific International (CNMI), LLC ("IPI"). 7 CMC § 4104 empowers the Court with broad authority to enforce its judgments.  The statute provides in relevant part that the Court may order the "taking possession of property and disposing of it in accordance with the orders of the court, or by a civil action on the judgment, or in any other manner known to American common law or common in courts in the United States".   This Motion seeks orders authorizing the

orderly sale of gaming machines for the purpose of reducing the amount of the judgment entered in favor of Pacific Rim.

A.  **BACKGROUND**

1. On April 27, 2020, the United States District Court entered judgement in favor of Pacific Rim in the amount of $5,650,000.00 against IPI (ECF 106). On May 28, 2020, the Court amended its judgement in favor of Pacific Rim in the amount of $6,909,333.43 against IPI (ECF 133) (the "Judgment"). On June 22, 2020, Pacific Rim filed a Motion for Order in Aid of Judgement (ECF 159). That same day, the Court issued an Order Granting in Part and Denying in Part Motion for Order Authorizing Release of Funds to Plaintiff and directed the Clerk to release the funds received from Bank of Saipan to Pacific Rim in the amount of $1,383,869.45 (one million three hundred eighty-three thousand eight hundred sixty-nine and 45/100) (ECF 171). On July 23, 2020, the Court issued a Sua Sponte Order Authorizing Release of Funds to Plaintiff in the amount of $100.00 (one hundred and 00/100) (ECF 179). Therefore, the balance due on the Judgment is not less than $5,525,363.98.

2. On August 24, 2020, Pacific Rim filed an Application for Writ of Execution for IPI's Gaming Machines or for Order in Aid of Judgement (ECF 192). On August 25, 2020, the Commonwealth of the Northern Mariana Islands Government ("CNMI Government") filed a Notice of Tax Lien (ECF 196). On September 16, 2020, the parties Pacific Rim and the CNMI Government filed a Stipulation of Settlement between the CNMI Government and Pacific Rim (ECF 209). On September 17, 2020, the court issued an Order Granting Stipulation of Settlement between the CNMI Government and Pacific Rim (ECF 210).

B.  **OWNERSHIP INTERESTS OF IPI IN CERTAIN CASINO GAMING MACHINES**

On July 23, 2020, Pacific Rim served IPI with a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice of Deposition"). Pursuant to the Notice of

Deposition, IPI's Chief Executive Officer, Donald Browne, appeared for the deposition at the office of Pacific Rim's counsel on August 8, 2020 (the "Browne Deposition"). In the course of the Browne Deposition, IPI has asserted that it owns 404 casino gaming machines. During the Browne Deposition, IPI's counsel emailed Pacific Rim's counsel a detailed listing of the 404 casino gaming machines owned by IPI. A detailed list of the 404 casino gaming machines owned by IPI (the "IPI Gaming Machines") is attached as **Exhibit A** to the Declaration of Counsel[1] and by express reference made a part hereof. IPI received a valuation of the Gaming Machines from Clear Management Group of Two Million Two Hundred Fifty Thousand US Dollars ($2,250,000.00). The valuation is attached as **Exhibit B** to the Declaration of.

C.   **REQUEST FOR JUDICIAL SALE OF IPI GAMING MACHINES**

Pacific Rim respectfully requests that the Court enter an order authorizing a Judicial Sale of the IPI Gaming Machines pursuant to Rule 69 and CNMI law. Rule 69(a) provides that CNMI procedures on execution, and in proceedings supplementary to and in aid of execution, of a judgment apply to this Judgment. The CNMI statutes governing proceedings supplementary is 7 CMC §§ 4104, 4204 (the "CNMI Statute"). Under the CNMI Statute, the IPI Gaming Machines identified in discovery may now be ordered sold at auction with the sale proceeds applied in satisfaction of the Judgment. Under the CNMI Statute, all of such IPI Gaming Machines that are identified shall be sold "at public auction to the highest bidder." *See*, § 4204(c) of CNMI Statute. Pursuant to § 4204(e) of the CNMI Statute, "any other person duly authorized may complete the levy, sale, and payment of proceeds". Accordingly, under these circumstances, Pacific Rim requests that the Court approve the

---

[1] Declaration of Colin M. Thompson filed concurrently in Support of Motion for Turnover, Assignment, and Judicial Sale of Certain Judgment Debtor's Casino Gaming Machines.

following procedures for a judicial sale of the IPI Gaming Machines under the CNMI Statute, as is more fully set forth in the Proposed Order:

    a.    IPI's right, title and interest, if any, in and to the IPI Gaming Machines may be sold by Pacific Rim, pursuant to the terms described below, and the proceeds received, if any, shall be applied to reduce the Judgment and CNMI Government Tax Lien pursuant to the Order Granting Settlement of CNMI Government and Pacific Rim (ECF No. 210) and permitted costs that Pacific Rim has or may incur from and after the date of the Judgment:

    I.    The IPI Gaming Machines shall be sold by Pacific Rim's agent (the "Selling Officer") in 404 separate lots consisting of individual casino gaming machines, with each lot being sold to the highest and best bidder, if any (the "Successful Purchaser(s)"), for cash (including certified or cashier's check) at a publicly advertised auction to be conducted by the Selling Officer on a date which is no sooner than seven (7) days following the initial publication of the "Notice" (hereafter defined) in the Marianas Variety and the Saipan Tribune (the "Auction");

    II.    Pacific Rim shall (i) advertise the Auction to the public by placing ads in the Marianas Variety and the Saipan Tribune for five consecutive days in a form substantially similar to **Exhibit C** to Declaration of Counsel and by express reference made a part hereof (the "Notice") and (ii) at least seven days prior to the date of the Auction (a) notify the clerk of court, (b) post a written notice of the sale in a conspicuous place at or near the CNMI Superior Court, and by (c) notifying IPI, or its agent who have custody of the property levied upon at the time of levy;

    III.    The Auction shall be held at a location designated and advertised by the Selling Officer, Saipan, Commonwealth of the Northern Mariana Islands;

    IV.    Pacific Rim or the Selling Officer may, in their sole and absolute discretion, advertise and auction to off-island bidders as well as direct the Selling Officer to terminate and/or continue the Auction, which termination or continuance shall be announced at the Auction;

    V.    Prior to the Auction, IPI shall permit Pacific Rim, the Selling Officer, or any agent of either, as well as any prospective Auction bidders to have reasonable access to the IPI Gaming Machines upon reasonable notice (no less than 24 hours notice) for the purpose of inspecting any or all of the IPI Gaming Machines or the documents relating thereto;

    VI.    The Successful Purchaser(s) shall, at the conclusion of the Auction, make payment to the Selling Officer of the successful bid amount (the "Sale" or "Sale Proceeds") paid by cash or certified funds, which funds the Selling Officer shall hold pending approval of the "Confirmation Order" (hereafter defined), provided however, in the event that Pacific Rim or its assigns, with respect to the Judgment, is the Successful Purchaser of any of the IPI Gaming Machines at the Auction, then Pacific Rim or its assigns, whichever is applicable, may offset against the Sale Proceeds due for such IPI Gaming Machine(s), the amounts due under the Judgment upon the entry of the Confirmation Order;

     VII.    Unless expressly agreed to in writing, the Successful Purchaser shall not assume, or become liable for, any liabilities of IPI as a result of its purchase of any of the IPI Gaming Machines in connection with the Auction and/or Sale; and

     VIII.    Within seven (7) days following the conclusion of the Auction, the Selling Officer shall file with this Court a report of the Auction and Sale, evidencing that the foregoing procedures have been complied with, specifying what occurred at the Auction, and identifying the amount of Sale Proceeds realized and the proposed disposition of the IPI Gaming Machines as a result of the Auction (the "Sale Report").

    b.    The Court shall make its determination for approval of the Sale Report, and for confirmation of the Sale of the IPI Gaming Machines, if any, to the Successful Purchaser(s) at the Auction pursuant to the terms described herein (the "Confirmation Order").

    c.    Upon the entry of the Confirmation Order, (I) the Selling Officer shall thereafter execute a bill of sale to the Successful Purchaser which shall be sufficient to convey all right, title, and interest of IPI, in and to, the IPI Gaming Machine(s) in the form of that bill of sale which is attached as **Exhibit D** to the Declaration of Counsel and by express reference made a part hereof (the "Judicial Bill of Sale"), (II) the Selling Officer shall have the right thereafter to execute any other documents necessary to convey all right, title, and interest of IPI, in and to, the IPI Gaming Machine(s) to the respective Successful Purchaser(s), (III) all parties or persons receiving notice of the Auction shall be forever barred and foreclosed of any right, title, interest, claim, lien, or lease in and to the IPI Gaming Machines sold to the respective Successful Purchaser(s) at the Auction, and (IV) the Selling Officer shall thereafter turnover the Sale Proceeds to Pacific Rim or its assigns.

    d.    Immediately following the entry of the Confirmation Order, IPI shall promptly (I) turnover possession of the IPI Gaming Machines sold pursuant to the Judicial Bill of Sale to the respective Successful Purchaser including, without limitation, IPI shall provide access to the Successful Purchaser(s) for removal of the IPI Gaming Machine(s) purchased at the Auction; and (II) take all of such other actions and execute any documents that may be reasonably necessary to consummate and give effect to the Judicial Bill of Sale of any IPI Gaming Machines including, without limitation, executing such documents as may be necessary to transfer ownership and possession of the IPI Gaming Machine(s).

    e.    Upon the entry of the Confirmation Order, IPI and all persons claiming by, through or under it, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien, lease, or right to redeem in and to the IPI Gaming Machines sold at the Auction and approved in the Confirmation Order.

    f.    The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Order.

    The notice and sale procedures described above and in the Proposed Order are fair and reasonable and follow the CNMI Statute requirements. These procedures require a minimum of 5 days

published notice in the Marianas Variety and the Saipan Tribune. However, the Selling Officer may wish to advertise the sale off-island. The costs for such publication are anticipated to be in excess of $2,500 (which costs are added to the Judgment under § 4204(c) of the CNMI Statute), and any such additional notice is not only expensive but is far more than other statutory provisions require.

Similarly, there is no provision in the CNMI Statute requiring that the Court enter a Confirmation Order following the Sale. However, since other judicial sales procedures and case law in other jurisdictions require an order confirming and approving of a judicial sale following the sale, Pacific Rim requests that the Court set a status hearing, as described in the Proposed Order, to approve of the Selling Officer's Sale Report and to confirm that the procedures set forth in the Proposed Order were properly implemented in connection with the Auction.

For the foregoing reasons, Pacific Rim requests that the Court enter an order which directs the turnover, assignment, and judicial sale of the IPI Gaming Machines, with the proceeds, if any, to be applied against the Judgment pursuant to the CNMI Statute.

WHEREFORE, for the above and foregoing reasons, the plaintiff Pacific Rim Land Development, LLC, judgment creditor herein, prays for the entry of an order allowing Pacific Rim to privately sell and/or auction the IPI Gaming Machines, and for such other and further relief as is just.

Respectfully submitted this 16th day of October, 2020.

*/s/ Colin M. Thompson*
**THOMPSON LAW, LLC**
Colin M. Thompson
Attorney for Pacific Rim Land
Development, LLC