FILED
Clerk
District Court
FEB 28 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PACIFIC RIM LAND DEVELOPMENT, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>　　　　Defendant. | Case No.: 1:19-cv-00016<br><br>**MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO DISMISS** |

Before the Court is Plaintiff Pacific Rim's motion for reconsideration of the Court's order denying without prejudice its motion to dismiss the above-entitled case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), or alternatively, its motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15. (Not. of Mot., ECF No. 315; Mem. in Law ("Mot."), ECF No. 316.) Seeking reconsideration, Pacific Rim maintains its position for dismissal pursuant to Rule 41; however, it alternatively seeks a Rule 15 dismissal if the Court denies its motion for reconsideration. (*See* Mot. 1.) Defendant Imperial Pacific International (CNMI), LLC ("IPI") opposed the motion. (Opp'n, ECF No. 318.) The matter came on for a hearing, at which time the Court GRANTED Pacific Rim's motion. (Min., ECF No. 320.) The Court now issues this decision to memorialize its reason and to explain the rule that the Court relied upon for the dismissal of this action pursuant to Rule 41(a)(2) based on the facts of this case.

## I.　BACKGROUND

On December 12, 2019, Pacific Rim filed three causes of action against IPI, asserting: (1) breach of the construction contract, (2) breach of a promissory note, and (3) unjust enrichment.

1

(Second Am. Compl., ECF No. 42.) Pacific Rim subsequently moved under Rule 54(d) for partial summary judgment on its breach of promissory note claim (second cause of action) (ECF No. 85), and the Court entered an order granting the motion (ECF No. 105). An amended judgment was entered in favor of Pacific Rim in the amount of $6,909,333.43 for that claim. (Am. J., ECF No. 133.) Pacific Rim then subsequently collected a portion of that judgment through writs of execution (ECF Nos. 145, 171, 179), while enforcement on the remaining portion of the judgment was stayed in light of the parties' stipulation based on Defendant IPI's establishment of an investment portfolio consisting of short-term U.S. Government bonds (the "Fund") (ECF No. 235). The Ninth Circuit affirmed this Court's Decision and Order granting partial summary judgment in favor of Pacific Rim (Ninth Cir. Mem., ECF No. 290), and the Ninth Circuit subsequently issued its mandate for its judgment to take effect (ECF No. 291.) The Court on November 19, 2021 then ordered that the moneys in the Fund sufficient to satisfy the remaining judgment be immediately released to Pacific Rim. (ECF No. 296.) Pacific Rim's principal judgment for the promissory note claim was therefore fully satisfied. (*See* Tr. 26:10, ECF No. 317.) As to any remaining issues regarding Pacific Rim's entitlement to any amounts for post-judgement costs, fees, and/or interests, the Court sought the parties' briefing, but the parties stipulated to an extension on the briefing because of Pacific Rim's pending fee application with the Ninth Circuit. (ECF No. 297.)

As to Pacific Rim's other two remaining claims for breach of the construction contract and unjust enrichment, the parties proceeded with discovery on those causes of action. (Second Am. Scheduling Order, ECF No. 289.) However, on February 9, 2022, Pacific Rim moved to dismiss its action with prejudice pursuant to Rule 41(a)(2). (ECF Nos. 310, 311.) Relying on *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005) and its reasoning that

"Rule 41(a), governs dismissals of entire actions, not of individual claims," the Court denied without prejudice Pacific Rim's motion to dismiss. (Order, ECF No. 312.) Given that one of Pacific Rim's claims had already been decided and judgment was entered and affirmed, the Court determined that if the intent of Pacific Rim was to have its two sole remaining claims dismissed, then Rule 15 was the appropriate mechanism. (Order 2; *see also Hells Canyon Pres. Council*, 403 F.3d at 687-88 (citations omitted) ("[W]e agree[] with two of our sister circuits Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims.").)

Pacific Rim subsequently moved for reconsideration of the Court's order, arguing that (1) it intended to have the case dismissed *with prejudice*, and (2) partial judgment severed the one claim from the remainder of the action such that dismissal of the action is appropriate. (*See* Mot. 3, 8.) Alternatively, Pacific Rim seeks for leave to amend its second amended complaint pursuant to Rule 15(a) to dismiss the remaining breach of contract and unjust enrichment claims. (*Id.* at 9.) IPI filed an opposition, arguing that the Court's ruling was correct, that the cases Pacific Rim relies on are distinguishable, and that Pacific Rim's request is part of a larger pattern of gamesmanship and abuse that this Court should reject. (Opp'n 9.) IPI, however, did not oppose Pacific Rim's motion to amend its complaint under Rule 15 to eliminate its unadjudicated claims. (*Id.* at 8.)

## II. LEGAL STANDARD

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.

2001) (quoting *Melancon v. Texaco, Inc*., 659 F.2d 551, 553 (5th Cir. 1981)). Such a power is consistent with Federal Rule of Civil Procedure 54, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1098 (D. N. Mar. I. 2011) (quoting Fed. R. Civ. P. 54(b)). Nonetheless, such "power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles*, 254 F.3d at 886. It is a "plenary power to be exercised in justice and good conscience, for cause seen by [the district court] to be sufficient." *Baldwin*, 823 F. Supp. 2d at 1098 (citations omitted). One example would be a district court's grant of relief from manifest error. *Id*.

Given a district court's inherent power to reconsider its own interlocutory orders, it is not subject to the limitations of Federal Rule of Civil Procedure 59. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59"); *see also Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) ("A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law."). "But a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Abada*, 127 F. Supp. 2d. at 1102.

///

///

### III. DISCUSSION

Rule 41(a)(1) allows for voluntary dismissal of an action by a plaintiff without a court order by filing (i) a notice of dismissal before an answer or motion for summary judgment is filed, or (ii) a stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a)(1). Otherwise, Rule 41(a)(2) provides that a court may dismiss "an action" at a plaintiff's request on terms it considers proper. *Id*. 41(a)(2). Unless stated otherwise, a dismissal under Rule 41(a)(1) or (2) is without prejudice. *Id.* 41(a)(1)(B), 41(a)(2). "Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) (citation omitted). "'[D]ismissal with prejudice' often means that the dismissal is 'on the merits'" but "the 'with prejudice' label is not always conclusive for the purpose of res judicata and, indeed, does not equate to an adjudication on the merits when the dismissal is for lack of jurisdiction." *Id.* (citation omitted). However, dismissal here is not grounded on jurisdiction.

"As its title, 'Dismissal of Actions,' suggests, Rule 41, or at least Rule 41(a), governs dismissals of *entire actions*, not of individual claims." *Hells Canyon Pres. Council*, 403 F.3d at 687. Rule 15, on the other hand, allows for amendment of pleadings. *See* Fed. R. Civ. P. 15. "It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment." *Hells Canyon Pres. Council*, 403 F.3d at 690.

There is an intra-circuit split, however, as to whether Rule 41 may be utilized instead of Rule 15 for dismissal of less than all claims. In one line of cases, a Ninth Circuit panel in *Ethridge v. Harbor House Restaurant* concluded that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." 861 F.2d 1389, 1392 (9th Cir. 1988); *see also Hells Canyon Pres. Council*, 403 F.3d at 687 ("Rule 41, or at least Rule 41(a), governs dismissals

of *entire actions*, not of individual claims."). In agreement with other courts that held the same, the panel noted that "[e]ach of these cases relies on the Moore treatise on federal procedure, which convincingly argues that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Ethridge*, 861 F.2d at 1392 (citing 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06–1, at 41–83 to –84 (1987)). Conversely, the Ninth Circuit has also held that a "plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations omitted); *see also Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). The Court finds this intra-circuit split as a sufficient basis to warrant reconsideration of its interlocutory order.

When this Court issued the Order granting the Rule 54(d) motion for partial summary judgment and the Rule 54(b) judgment was entered, the second cause of action for breach of promissory note was severed from the second amended complaint. *See Rock Creek All. V. United States Forest Serv.*, No. CV 05-107-M-DWM CV, 2010 U.S. Dist. LEXIS 72434, at *7-8, 2010 WL 2880147 (D. Mont. July 16, 2010) (granting Rule 54(b) motion and noting that the claims "are severed for entry of final judgment under Rule 54(b)"); *see also James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("[A] Rule 54(b) severance is consistent with the final judgment rule because the judgment being severed is a final one . . . ."); *Liberian Vertex Transps., Inc. v. Associated Bulk Carriers, Ltd.*, 738 F.2d 85, 87-88 (2d Cir. 1984) (citation omitted) ("Under Rule 54(b), the district court must determine that 'the claim adjudicated [is] a "claim for relief" separable from and independent of the remaining claims in the case.'"). The Rule 54(b) final judgment separated Plaintiff's claim of breach of promissory note and rights to it from the claims remaining in the second amended complaint. *See*

*Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (citations omitted) (entering a Rule 54(b) judgment requires "an ultimate disposition of an individual claim"); *see also United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990) (citations omitted) ("Proper entry of judgment under Rule 54(b) requires . . . that the district court reach a judgment that is final in the sense that it completely disposes of a separate claim for relief. . . ."). Therefore, the second amended complaint only has the first and third causes of action remaining. As such, Plaintiff's motion to dismiss the complaint with prejudice pursuant to Rule 41(a)(2) disposes the entire action and is appropriate. In dismissing the two remaining causes of action, no claim remains pending before the Court.

## IV.   CONCLUSION

For the reasons set forth above, Pacific Rim's motion for reconsideration (ECF No. 315) is GRANTED. Pacific Rim's motion to dismiss this action pursuant to Rule 41(a)(2) (ECF No. 310) is GRANTED; this action is DISMISSED WITH PREJUDICE. In light of the dismissal with prejudice, the Court DENIES as MOOT Defendant's motion to reconsider, to amend the scheduling order, and leave to amend pleadings to assert counterclaims (ECF No. 301). The Clerk is **directed to close this case.**

IT IS SO ORDERED this 28th day of February, 2023.

RAMONA V. MANGLONA
Chief Judge